### John Drisdelle *v.* City of Hartford et al. (2721)

Borden, Spallone and Daly, Js.

Argued December 14, 1984—decision released March 5, 1985

*John D. Liberator,* with whom was *Jack Rubin,* for the appellant (plaintiff).

*Robert E. Beach, Jr.,* for the appellees (defendants).

Daly, J. The plaintiff instituted a three count complaint alleging negligence and nuisance against the defendants arising out of a trail bike accident in a park owned by the defendant city of Hartford. The plaintiff has appealed from the judgment rendered following the granting of the defendants' motion to strike.

The plaintiff alleged that on August 1, 1982, he was riding a trail bike, conceded to be a minibike, on a path located in a park owned by the city. As the plaintiff proceeded along the path, he struck a wire entwined with broken fence posts strewn across the path. As a result of his contact with the objects, the plaintiff suffered serious injuries. The first two counts allege negligence on the part of the city and the defendant Victor Jarm, the director of the department of parks and recreation of the city. The third count alleges nuisance against the city.

The defendants moved to strike the complaint, claiming that there was no allegation of "wilful or malicious conduct" on the part of the defendants as required by General Statutes § 52-557j.[1] The trial court granted the motion to strike and the plaintiff appealed from the judgment rendered on that motion.

In this appeal, we are called upon to interpret General Statutes § 52-557j, which shields a landowner from liability for injuries to operators or passengers arising from the operation of certain vehicles, including minibikes, on his or her land unless a fee is charged by the landowner or the injury is caused by the wilful or malicious conduct of the landowner.

The plaintiff contends that it was not the legislative intent to encompass municipalities within the scope of § 52-557j, but that this section was limited to affording relief to rural property owners who suffered potential liability from trespassers. Furthermore, the plaintiff

[1] General Statutes § 52-557j provides: "No landowner may be held liable for any injury sustained by any person operating a snowmobile, all-terrain vehicle, as defined in section 14-379, motorcycle or minibike or minicycle, as defined in section 14-1, upon the landowner's property or by any passenger in the snowmobile, all-terrain vehicle or motorcycle, minibike or minicycle, whether or not the landowner had given permission, written or oral, for the operation upon his land unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner."

argues, there was no legislative intent to impinge upon General Statutes § 7-465 (a),[2] by which a municipality assumes liability for damage caused by an employee under certain circumstances.

The salient question, then, is whether the city is a "landowner" within the ambit of § 52-557j. The word "landowner," [3] within the context of § 52-557j, has been defined by our Supreme Court to mean one who holds title. *Warner* v. *Leslie-Elliott Constructors, Inc.,* 194 Conn. 129, 137, 479 A.2d 231 (1984)." 'When we say, a man has the title to . . . [property], we mean, he is the owner of it; and vice versa.' . . . 'In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . .' General Statutes § 1-1 (a). The commonly approved use of the word 'owner' indicates 'one that owns: one that has the legal or rightful title whether the possessor or not . . . .' Webster, Third New International Dictionary." Id. It is not disputed that the accident occurred in a city-owned park.

"The presumption is that the legislature, in adopting an act, does so in view of existing relevant enactments and with the intention that the act be read with them so as to make one consistent body of law." *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420

---

[2] General Statutes § 7-465 (a) provides in pertinent part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty . . . ."

[3] Townships were considered "landowners" in *Lantz* v. *Caraway,* 180 Ind. 484, 489, 103 N.E. 335 (1913), and in *Zumbro* v. *Parnin,* 141 Ind. 430, 434–35, 40 N.E. 1085 (1895).

(1955); Holden & Daly, Connecticut Evidence (1966 & Sup. 1983) § 50. The legislature could readily have excluded municipalities from § 52-557j had it so desired.

The defendants' motion to strike the complaint was based on the claim that there was no allegation of "wilful or malicious conduct." "It is well established that causes of action for negligence and 'wilful or malicious conduct' are separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted." *Warner* v. *Leslie-Elliott Constructors, Inc.,* supra, 138. The plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants in order to raise an allegation of wilful conduct. We find that the trial court, accordingly, did not err in granting the defendants' motion to strike.

There is no error.

In this opinion the other judges concurred.