THE STOP AND SHOP COMPANIES, INC. *v.*
TOWN OF EAST HAVEN
(5376)

DUPONT, C. J., STOUGHTON and FOTI, Js.

Argued November 3, 1987—decision released February 9, 1988

*Christopher M. Reeves* and *Thomas A. Rouse,* for the appellant (plaintiff).

*Hugh F. Keefe,* for the appellee (defendant).

FOTI, J. The plaintiff appealed to the Superior Court from a decision of the board of tax review of the defend-

ant town. A state trial referee, acting as the trial court, dismissed the appeal. The plaintiff appeals from that dismissal. The plaintiff claims that the court erred in holding that the defendant properly assessed the plaintiff's personal property pursuant to General Statutes § 12-71 (b). We find no error.

The facts are not in dispute. The plaintiff owns real and personal property located in the town of East Haven. On October 1, 1985, the assessors for East Haven determined that the plaintiff's real property would be liable for taxation at a rate of 70 percent of its true and actual value as of October 1, 1981, the date of the town's last decennial revaluation. The assessors further determined that the plaintiff's personal property would be liable for taxation at 70 percent of its true and actual value as determined on October 1, 1985.

The plaintiff does not contest the legitimacy of the decennial revaluation of real property authorized by General Statutes § 12-62,[1] nor the method by which real property is valued. General Statutes § 12-64.[2] Rather, the plaintiff contends that the language of General

[1] General Statutes § 12-62 provides in relevant part: "PERIODIC REVALUATION OF REAL ESTATE. (a) Commencing October 1, 1978, the assessors of all towns, consolidated towns and cities and consolidated towns and boroughs shall, no later than ten years following the last preceding revaluation of all real property and every ten years after each such revaluation, view all of the real estate of their respective municipalities, and shall revalue the same for assessment and, in the performance of these duties, except in any municipality where there is a single assessor, at least two of the assessors shall act together, and all valuations shall be separately approved by a majority of the assessors."

[2] General Statutes § 12-64 provides in relevant part: "REAL ESTATE LIABLE TO TAXATION. . . . (a) All the following-mentioned property, not exempted, shall be set in the list of the town where it is situated and, except as otherwise provided by law, shall be liable to taxation at a uniform percentage of its present true and actual valuation, not exceeding one hundred per cent of such valuation, to be determined by the assessors: Dwelling houses, garages, barns, sheds, stores, shops, mills, buildings used for business, commercial, financial, manufacturing, mercantile and trading purposes . . . ."

Statutes § 12-71 (b)[3] and its legislative history require that towns value real and personal property on the same date so that the two are taxed at the same effective rate, not merely at the same percentage of their assessed value. We disagree.

Prior to 1957, the legislature provided for the taxation of both real and personal property at its "true and actual valuation." *E. Ingraham Co.* v. *Bristol,* 144 Conn. 374, 379, 132 A.2d 563 (1957). In that case, our Supreme Court was asked to reduce the plaintiffs' personal property rate from 90 percent of the property's actual value to 50 percent, the rate of taxation for real property. The court concluded that, although the practice of taxing real and personal property at a fraction of its actual value was so widespread as to be respectable, the practice was illegal because the statute required the taxing of both real and personal property at 100 percent of its value. Id., 377.

In response to the decision in *E. Ingraham Co.,* the legislature revised General Statutes § 12-71 (b), changing the relevant portion of the statute from "[a]ll property subject to this section shall be valued at their then actual valuation" to "[a]ll property subject to this section shall be valued at the same percentage of its then actual valuation as the assessors have determined with respect to the listing of real estate for the same year. . . ." Statements made during the legislative hearings indicate an understanding that the change would eliminate the inequity that had existed when real and personal property were taxed at different fractions of their actual value.[4]

[3] General Statutes § 12-71 (b) provides in relevant part: "All property subject to this section shall be valued at the same percentage of its then actual valuation as the assessors have determined with respect to the listing of real estate for the same year . . . ."

[4] "I feel that a man who owns real property should pay the same as a man with personal property. . . . We have attempted to provide that the

The plaintiff contends that East Haven's implementation of General Statutes § 12-71 (b) fails to carry out the intention of the legislature. The plaintiff also points out that because real property is subject to revaluation every ten years, real property retains its assessed value for that period whether its actual value increases or decreases; see *Ralston Purina Co.* v. *Board of Tax Review,* 203 Conn. 425, 525 A.2d 91 (1987);[5] while personal property is valued annually. The plaintiff points out that real property located in the town of East Haven which comes into existence between revaluations is taxed at 70 percent of the value it would have had at the time of the last decennial revaluation. Personal property, by contrast, is taxed at 70 percent of its current value, the property's value being determined annually on the first of October. The plaintiff contends,

assessors may list real and personal property at a per cent of its fair market value less than one hundred per cent. In the statute pertaining to personal property it shall be at the same per cent of their then actual valuation as the assessors have determined with respect to the listing of real estate and personal property will be listed on the same percentage basis." Conn. Joint Standing Committee Hearings, Judiciary and Governmental Functions, Pt. 3, 1957 Sess., p. 886, comments of Rep. Walter F. Torrents, Jr.

"I must represent the thinking of the Tax Department and what I believe should be done. There is no question in my mind at all that there should be uniformity of percentage. . . . " Id., p. 892, comments of John L. Sullivan, State Tax Commissioner.

[5] In *Ralston Purina Co.* v. *Board of Tax Review,* 203 Conn. 425, 525 A.2d 91 (1987), the plaintiffs sought a revaluation of their real and personal property in the years between the decennial revaluation. Our Supreme Court held that a town is not "required, as a matter of law, to adjust the plaintiffs' tax assessment in the interim period between decennial revaluations of real property." The court reached this conclusion after an exhaustive analysis of the relevant statutes. Our reading of *Ralston Purina Co.* is that the court confined itself to reaffirming its holding in *Uniroyal, Inc.* v. *Board of Tax Review,* 182 Conn. 619, 438 A.2d 782 (1981), that a town cannot be required to revalue real property in the years between the ten year revaluation, and that this interpretation applies to personal property as well. Although the effect of *Ralston Purina Co.* was to treat both realty and personalty in the manner which the plaintiffs in that case sought, the holding of *Ralston Purina Co.* v. *Board of Tax Review,* supra, 428, was limited to real property.

therefore, that because General Statutes § 12-71 (b) mandates that towns tax real and personal property at the same "percentage" of its then actual valuation as determined for real estate for the same year, there cannot be an inconsistency in when the value of the two types of property is determined.[6]

In support of its argument that the defendant acted illegally in valuing the plaintiff's real and personal property on different dates resulting in different effective tax rates, the plaintiff cites at length from the legislative history of the statute.[7] What is lacking from this history is any indication that the legislature intended a prohibition against the practice of valuing personal property annually.[8]

At the time the legislature revised General Statutes § 12-71, both real property and personal property were required to be listed annually for taxation at their then actual value.[9] The practice of requiring a decennial

---

[6] The following hypothetical explains the implementation of General Statutes §§ 12-62, 12-64, and 12-71 (b) in the town of East Haven. Real property valued in 1981, during the ten year assessment, for $40,000 would continue to be taxed on that valuation for the next ten years regardless of appreciation or depreciation; real property which came into existence in 1985 and had an actual value of $100,000 in 1985 would have its value rolled back to 1981 values, e.g., $40,000. If, however, personal property came into existence in 1985 and had an actual value of $100,000 it would be taxed at 70 percent (the tax rate for real property in 1985) of its full value. Thus, the owner of personal property which has the same fair market value as real property for the 1985 tax year will pay substantially more tax.

[7] See footnote 4, supra.

[8] The authority for establishing tax policy lies with the legislature, not the courts. If, in fact, the legislature intended that real and personal property be taxed at the same effective rate and not merely at the same percentage of their assessed value, then the legislature must establish a requirement that real and personal property be valued on the same date.

[9] General Statutes (1949 Rev.) § 1738 provides: "REAL ESTATE LIABLE TO TAXATION. All the following mentioned property, not exempted, shall be set in the list of the town where it is situated and shall be liable to taxation at its present true and actual valuation: Dwelling houses, garages, barns, sheds, stores, shops, mills, buildings used for business, commercial,

revaluation of property, however, was limited to real property. " 'The presumption is that the legislature, in adopting an act, does so in view of existing relevant enactments and with the intention that the act be read with them so as to make one consistent body of law.' *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420 (1955)." *Drisdelle* v. *Hartford,* 3 Conn. App. 343, 345–46, 488 A.2d 465, cert. denied, 196 Conn. 801, 491 A.2d 1104 (1985).

" 'It is a fundamental principle of statutory construction that statutes are to be construed so that they carry

financial, manufacturing, mercantile and trading purposes, ice houses, warehouses, silos, all other buildings, house lots, all other buildings lots, shellfish lands, all other lands, quarries, mines, ore beds, fisheries, property in fish pounds and machinery. Any interest in real estate shall be set by the assessors in the list of the person in whose name the title to such interest stands on the land records."

General Statutes (1949 Rev.) § 1737 provides: "PERIODIC REVALUATION OF REAL ESTATE. The assessors of all towns, consolidated towns and cites and consolidated towns and boroughs, unless otherwise provided, shall, during each period of ten years after February 1, 1930, view all of the real estate of their respective municipalities, and shall revalue the same for assessment, and in the performance of these duties, except in any municipality where there in a single assessor, at least two of the assessors shall act together, and all valuations shall be separately approved by a majority of the assessors."

General Statutes (1949 Rev.) § 1745 provides in relevant part: "PERSONAL PROPERTY LIABLE TO TAXATION; SITUS; DESCRIPTION. All notes, bonds and stocks, not issued by the United States, moneys, credits, choses in action, vessels, except registered and enrolled sailing vessels, except barges engaged in trade between this and other states and except registered vessels which are actually engaged in foreign commerce, goods, chattels or effects, or any interest therein, belonging to any resident in this state, shall be set in his list in the town where he resides at their then actual valuation, except when otherwise provided by law."

We note that the statutory language which requires that property be revalued every ten years is still limited to real property; General Statutes § 12-62; though the holding of *Ralston Purina Co.* v. *Board of Tax Review,* 203 Conn. 425, 525 A.2d 91 (1987), appears to apply this rule to personal property by judicial construction. By implication, therefore, the court concluded that towns cannot be required to revalue personal property more frequently than every ten years. Id., 438 n.15. This holding, however, does not prohibit more frequent revaluations by a town.

out the intent of the legislature.' *State* v. *Campbell,* 180 Conn. 557, 561, 429 A.2d 960 (1980); 2A Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. In construing a statute, this court will consider its plain language, its legislative history, its purpose and the circumstances surrounding its enactment. *Peck* v. *Jacquemin,* 196 Conn. 53, 64, 491 A.2d 1043 (1985); *Dukes* v. *Durante,* 192 Conn. 207, 214–15, 471 A.2d 1368 (1984)." *State* v. *Parmalee,* 197 Conn. 158, 161, 496 A.2d 186 (1985).

There is nothing in either the language of General Statutes § 12-71 (b) or its legislative history which calls into question the practice of revaluing real property every ten years but valuing personal property annually. This conclusion is consistent with the legislature's decision to give tax assessors the authority to increase or decrease the "valuation of property" which appears on the town's annual grand lists. General Statutes § 12-55.[10] We conclude that this language provides for a permissive valuation of property in the years between the decennial revaluations, without requiring it. See *Ralston Purina Co.* v. *Board of Tax Review,* supra, 437. There is nothing in this language which requires that the assessors carry out interim revaluation of all classes of property if they revalue one class of property.

Rather, § 12-55 allows towns to engage in voluntary tax relief when property has decreased in value. See *Ralston Purina Co.* v. *Board of Tax Review,* supra, 430 n.5. If we were to conclude, as the plaintiff argues, that real property and personal property must be valued on the same date, we would vitiate the express language

---

[10] General Statutes § 12-55 provides in relevant part: "LISTS; NOTICE OF INCREASE; PUBLIC INSPECTION; ABSTRACTS. When the lists of any town have been so received or made by the assessors, they shall equalize the same, if necessary, and make any assessment omitted by mistake or required by law. The assessors may increase or decrease the valuation of property as named in any of such lists or in the last-preceding grand list . . . ."

of § 12-55 because we would then be requiring that assessors treat real property and personal property in an identical fashion during the years between the decennial revaluation. We note that the nature of personal property lends itself to an annual valuation, often completely losing its useful value in a ten year period. Real property, by contrast, is durable and nearly always appreciates in value. See *Ralston Purina Co.* v. *Board of Tax Review,* supra. Furthermore, personalty is generally assessed annually at a lower value than each preceding year because it depreciates. *Ralston Purina Co.* v. *Board of Tax Review,* supra, 429. Thus, owners of personalty receive the benefit of a declining value each year for the purposes of taxation.

We conclude that there is no basis for rejecting the trial court's conclusion that the town of East Haven acted within the authority granted to it by the legislature by taxing the plaintiff's real and personal property as it did.

There is no error.

In this opinion the other judges concurred.