[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this case claims that the minor plaintiff was injured when using a slide at a playground known as Morse Park which is owned by the defendant City. The plaintiffs claim that the City was negligent. The defendant has filed a motion to strike claiming that the action is barred under section 52-557g C.G.S., which has been called the recreational use statute. It provides:
 "Liability of Owner of Land Available to Public for Recreation; Exceptions. (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses such land for such recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner."
A motion to strike can be used to question the legal sufficiency of a special defense. Connecticut Practice CT Page 500 Book, section 152(5); Nowak v. Nowak, 175 Conn. 112, 116; Passini v. Decker, 39 Conn. Sup. 20, 21. With a motion to strike, all of the facts alleged in the pleading and facts necessarily implied from the allegations in it are accepted as true, and the pleading is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 37. While a motion to strike admits all facts pleaded, it does not admit legal conclusions. Id., 36, 37; Mingachos v. CBS, Inc., 196 Conn. 91, 108.
There is a split of authority among the courts that have decided whether or not section 52-557g applies to municipalities. In Jennett v. United States, 597 F. Sup. 110,112 (D. Conn. 1984), it was held that the statute covered public as well as private land owners and applied to the United States Government. The next two cases to reach the issue concluded that the statute applied only to privately owned land. Pierce v. City of Hartford, 2 CSCR 457
(1987); Chmura v. City of Shelton, 4 CSCR 563 (1989). Both of these cases referenced Jenco v. Connecticut Light Power Co., 7 Conn. App. 164, and its reference to the legislative history of the statute, at pages 168, 169: "A review of the legislative history reveals that the clear purpose of section 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private land owners, through limiting their liability, to open their land to public use. The government alone cannot meet this need." Referencing the legislative history, the court stated that a purpose of the act was to limit liability of property owners who open their land for public use without charge. Id., 169. The Jenco case did not concern governmental land, and did not discuss whether the statute applied to it. In Pierce v. City of Hartford, supra, after referencing the same legislative history referred to in Jenco, the court stated that the legislative history did not indicate that the statute would apply to existing parks and recreational facilities of local or state government.
Two recent cases hold that a municipality is covered by the statute. Gauthier v. Town of Fairfield, 16 Conn. Law Trib. 24 (Superior Court at Bridgeport, May 10, 1990, Thompson, J.); Manning v. Barenz, 16 Conn. Law Trib. 24 (Superior Court at Hartford, May 10, 1990, Ripley, J.). In Gauthier the court noted that nothing in the language of section 52-557g or the definition of "owner" in section52-557f(3) excludes municipalities or other governmental units from the terms of the statute and that the legislative purpose of the statute is not hampered by providing immunity for state or municipal land made available to the public for CT Page 501 recreational purposes. While the legislative history does not refer to governmentally owned land, neither does it state that the statute applies only to privately owned property.
Statutes should be applied as written. A court cannot create an exception to a statute which the legislature has not created either expressly or by implication. State v. Bunkley, 202 Conn. 629, 640. The case of Drisdelle v. Hartford, 3 Conn. App. 343, 344, 345, provides support for the defendant's argument that municipalities may claim protection under the recreational use statute. That case construed section 52-557j, which provides protection from liability for injuries sustained by any person operating snowmobiles, minibikes or similar vehicles upon the landowner's property unless the landowner charged a fee for the operation or engaged in willful or malicious conduct. The court concluded that the commonly approved use of the word "owner" extended to municipal property as well as privately owned land, and that "the legislature could readily have excluded municipalities from section 52-557j had it so desired." Id., 346. As pointed out in Manning v. Barenz, supra, there is no real distinction between the statutes granting immunity for use of certain types of vehicles under section 52-557j, harvesting firewood under section 52-557k or for general recreation under section 52-557g. While not specifically stated, using a slide at a playground in a park comes within the definition of "recreational purpose" in section 52-557f(4).
There is nothing in the pleadings which indicates that the City charges an admission fee to use the park, so the statute bars recovery based on the allegations of the complaint.
The motion to strike is granted.
ROBERT A. FULLER, JUDGE