[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this case claims that the plaintiff was injured when playing first base at a softball game at a recreational field owned by the defendant City. When attempting to catch a fly ball in foul territory he fell over a metal bench, and claims that the City was negligent. The defendant filed an answer on August 29, 1988 containing two special defenses. The second special defense is that the action is barred under section 52-557g C.G.S., which has been called the recreational use statute. It provides:
 "Liability of Owner of Land Available to Public for Recreation; Exceptions. (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of CT Page 451 care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses such land for such recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner."
The plaintiff filed a motion to strike the special defense based on the recreational use statute on September 6, 1988. The motion was not pressed, and on October 4, 1989 the plaintiff filed a reply to the special defenses, thereby closing the pleadings. The case was then claimed for a jury trial. The motion to strike was recently reclaimed for the short calendar at the same time as the defendant filed a request to amend the answer to add a third special defense of governmental immunity. The defendant claims that the plaintiff has waived the right to claim the motion to strike the special defense and that the recreational use statute applies to land owned by municipalities as well as privately owned property.
A motion to strike can be used to question the legal sufficiency of a special defense. Connecticut Practice Book, section 152(5); Nowak v. Nowak, 175 Conn. 112, 116; Passini v. Decker, 39 Conn. Sup. 20, 21. With a motion to strike, all of the facts alleged in the pleading and facts necessarily implied from the allegations in it are accepted as true, and the pleading is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 37. While a motion to strike admits all facts pleaded, it does not admit legal conclusions. Id., 36, 37; Mingachos v. CBS, Inc., 196 Conn. 91, 108.
The motion to strike squarely raises whether a municipality can rely on the recreational use statute, section 52-557g. Section 112 of the Connecticut Practice CT Page 452 Book provides for a sequence for the filing of pleadings, and a motion to strike the answer or a special defense precedes the filing of a reply by the plaintiff to any special defense. Section 113 provides that "in all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." However, as section 113 indicates, the court has discretion to allow the filing of pleadings out of order. Sabino v. Ruffolo, 19 Conn. App. 402, 404. See also Glens Falls Insurance Co. v. Somers, 146 Conn. 708, 711, 712. Since the issue of whether the statute may be relied upon by a municipality to bar claims arising out of use of its recreational lands is likely to surface in later proceedings, by a motion for summary judgment or at the trial, the claim of waiver is rejected, and the issue will be decided. In addition, unlike other cases where pleadings are filed out of order, the plaintiff did in fact file a motion to strike prior to filing a reply to the special defense.
There is a split of authority among the courts that have decided whether or not section 52-557g applies to municipalities. In Jennett v. United States, 597 F. Sup. 110,112 (D. Conn. 1984), it was held that the statute covered public as well as private land owners and applied to the United States Government. The next two cases to reach the issue concluded that the statute applied only to privately owned land. Pierce v. City of Hartford, 2 CSCR 457
(1987); Chmura v. City of Shelton, 4 CSCR 563 (1989). Both of these cases referenced Jenco v. Connecticut Light Power Co., 7 Conn. App. 164, and its reference to the legislative history of the statute, at pages 168, 169: "A review of the legislative history reveals that the clear purpose of section 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private land owners, through limiting their liability, to open their land to public use. The government alone cannot meet this need." Referencing the legislative history, the court stated that a purpose of the act was to limit liability of property owners who open their land for public use without charge. Id., 169. The Jenco case did not concern governmental land, and did not discuss whether the statute applied to it. In Pierce v. City of Hartford, supra, after referencing the same legislative history referred to in Jenco, the court stated that the legislative history did not indicate that the statute would apply to existing parks and recreational facilities of local or state government.
Two recent cases hold that a municipality is covered by CT Page 453 the statute. Gauthier v. Town of Fairfield, 16 Conn. Law Trib. 24 (Superior Court at Bridgeport, May 10, 1990, Thompson, J.); Manning v. Barenz, 16 Conn. Law Trib. 24 (Superior Court at Hartford, May 10, 1990, Ripley, J.). In Gauthier the court noted that nothing in the language of section 52-557g or the definition of "owner" in section 52-557f(3) excludes municipalities or other governmental units from the terms of the statute and that the legislative purpose of the statute is not hampered by providing immunity for state or municipal land made available to the public for recreational purposes. While the legislative history does not refer to governmentally owned land, neither does it state that the statute applies only to privately owned property.
Statutes should be applied as written. A court cannot create an exception to a statute which the legislature has not created either expressly or by implication. State v. Bunkley, 202 Conn. 629, 640. The case of Drisdelle v. Hartford, 3 Conn. App. 343, 344, 345, provides support for the defendant's argument that municipalities may claim protection under the recreational use statute. That case construed section 52-557j, which provides protection from liability for injuries sustained by any person operating snowmobiles, minibikes or similar vehicles upon the landowner's property unless the landowner charged a fee for the operation or engaged in willful or malicious conduct. The court concluded that the commonly approved use of the word "owner" extended to municipal property as well as privately owned land, and that "the legislature could readily have excluded municipalities from section 52-557j had it so desired." Id., 346. As pointed out in Manning v. Barenz, supra, there is no real distinction between the statutes granting immunity for use of certain types of vehicles under section 52-557j, harvesting firewood under section 52-557k or for general recreation under section 52-557g. While not specifically stated, playing baseball comes within the definition of "recreational purpose" in section 52-557f(4).
Even though Chmura v. City of Shelton, supra, also involved a plaintiff injured in a softball game at a municipally owned softball field, this Court reaches a different result. If the defendant can show the other prerequisites for immunity under the statute at the time of trial, like the batter when the infield fly rule is called, the plaintiff will be automatically out. Since the special defense may be valid at trial, the motion to strike the second special defense is denied.
ROBERT A. FULLER, JUDGE CT Page 454
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 455
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 456