[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On August 21, 1992, plaintiff, Jason Roy, filed a five count complaint against the defendants, Green Valley Developers, ("Green Valley") Fansteel, Inc., ("Fansteel") Jean Pepin, Stephen Pepin and Robert Witkowski, seeking to recover for injuries he allegedly sustained in a "head-on" motorcycle accident.
In count one, the plaintiff alleges that Green Valley owned, maintained, possessed and controlled property with an entrance located between 682 and 696 Prospect Street in Southington, through which he accessed property upon which the motorcycle accident occurred. The plaintiff alleges that the entrance between 682 and 696 Prospect Street was devoid of warning signs or no trespass signs, and that Green Valley should have taken steps to remedy the lack of warning notices. The plaintiff alleges that "[s]aid omission on the part of Green Valley constituted wilful misconduct." (Complaint, count one, para. 7). The plaintiff alleges that Green Valley was negligent and careless in that it failed to use any preventive measures to render the area less dangerous, failed to post warning signs or barriers deterring use of the land, although available preventive measures were known to it, and long had notice and knowledge, or with reasonable diligence should have had notice and knowledge of the lack of warnings. In count two, the plaintiff alleges that Fansteel owned the property upon which the motorcycle accident occurred. The plaintiff alleges that Fansteel was negligent and careless in that it maintained a dangerous condition on the land, because the area was cleared and the entire property was rutted with motorcycle tire tracks, providing a track for racing and riding motorcycles.
In count three, entitled "Attractive Nuisance as to Green Valley and Fansteel," the plaintiff alleges that these defendants maintained a dangerous condition on the land in that Green Valley did not post any warning signs and Fansteel allowed a motorcycle track to exist, and that the defendants knew or should have known that minors were CT Page 6389 likely to trespass. The plaintiff further alleges that the conditions were such that the defendants knew or should have known that an unreasonable risk of serious injuries to minors was involved, and that the burden to the defendants of controlling the condition was slight as compared to the risk to minors. The plaintiff alleges that "[o]n September 16, 1990 the Plaintiff, age 17, was upon the Defendants' land and was injured due to the absence of warning signs or no trespassing signs and the enticement of the motorcycle track," that "[s]aid omissions constituted wilful misconduct," and that "[b]ecause of his immaturity, the Plaintiff did not realize the risk involved in coming within the area." (Complaint, count three, paras. 5, 6, 7).
In count four, entitled "Contract as to Jean and Stephen Pepin," the plaintiff alleges that the Pepins' minor son sold a motorcycle to the plaintiff. The plaintiff alleges that since he was a minor at the time of the contract, the contract should be considered void, and that "[a]s a result of Plaintiff's avoiding the contract, the [Pepins] are to be held accountable for the serious personal injuries and losses sustained by the Plaintiff." (Complaint, count four, para. 7).
In count five, the plaintiff alleges that Witkowski was involved in the "head-on" motorcycle accident with the plaintiff, and that Witkowski was negligent and careless in operating his motorcycle in a number of ways.
on September 29, 1992, Green Valley filed a motion to strike the first and third counts of the complaint, accompanied by a memorandum of law in support thereof. On October 9, 1992, the plaintiff filed an objection to Green Valley's motion to strike, accompanied by a memorandum of law in support of his objection. On December 17, 1992, prior to oral argument on Green Valley's motion to strike, the plaintiff filed a five count revised complaint containing essentially the same allegations in counts one and three as in the original complaint.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike admits all facts well CT Page 6390 pleaded; id.; but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "[T]he court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 728,550 A.2d 1073 (1988). "[I]f facts provable under the allegations would support a defense or a cause of action, the. . . [motion to strike] must fail." (Citations omitted.) Ferryman v. Groton, supra.
Count One
Green Valley moves to strike count one on the grounds that it is immune from liability pursuant to General Statutes 52-557j, and that it owed no duty to the plaintiff because the plaintiff was a trespasser.
The plaintiff argues that he has alleged wilful or malicious conduct on the part of Green Valley, and thus Green Valley is not shielded from liability under General Statutes 52-557j. The plaintiff further argues that Green Valley knew children were on its property, thus, a special relationship existed between the plaintiff and Green Valley from which a duty arose.
General Statutes 52-557j provides:
 No landowner may be held liable for any injury sustained by any person operating a. . . motorcycle. . . as defined in 14-1, upon the landowner's property or by any passenger in the . . . motorcycle, . . . whether or not the landowner had given permission, written or oral, for the operation upon his land unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner.
General Statutes 52-557j
 states in plain language that no landowner will be liable for any injuries to operators or passengers of certain vehicles including motorcycles on the landowner's property "unless CT Page 6391 the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner." [Emphasis added.) General Statutes 52-557j. This language is clear and unambiguous.
Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129,133, 479 A.2d 231 (1984). The factual allegations of the plaintiff's revised complaint bring his claim within the purview of General Statutes 52-557j.
 It is well established that causes of action for negligence and "wilful or malicious conduct" are separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted.
Id., 138; see also Drisdelle v. Hartford, 3 Conn. App. 343,346, 488, A.2d 465 (1985). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46,492 A.2d 219 (1985). "To be legally sufficient a count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." Id. A plaintiff must allege facts from which such a duty may be proven, not mere conclusions of law. Id.
The plaintiff's allegation that Green Valley's failure to post warning signs "constituted wilful misconduct" is a legal conclusion which is unsupported by factual allegations from which the trier of fact could find wilful misconduct on the part of Green Valley. Viewed in the light most favorable to the plaintiff, the factual allegations of failure to post warning signs underlying the legal conclusion of "wilful misconduct," without any additional factual allegations, would support only a finding of negligence. Accordingly, since the plaintiff has not alleged facts sufficient to show either that Green Valley charged a fee or that the plaintiff's injury was caused by Green Valley's wilful or malicious conduct, Green CT Page 6392 Valley's motion to strike count one is granted on the ground that Green valley may not be held liable for the plaintiff's injuries pursuant to General Statutes 52-557j.
Count Three
Green Valley moves to strike count three on the grounds that General Statutes 52-557j shields Green valley from liability for injuries to motorcycle operators regardless of their age, and that the plaintiff has not sufficiently alleged an attractive nuisance claim, in that he has not alleged that Green Valley maintained an "artificial condition" on its land. Green valley further asserts that the plaintiff was seventeen years old thus fully aware of the conditions and risks involved in operating and riding a motorcycle.
The plaintiff does not address Green Valley's argument that it may also not be held liable for the plaintiff's injuries pursuant to General Statutes 52-557j
under the allegations of count three. The plaintiff argues with respect to count three that he has met all prongs of the doctrine of attractive nuisance as set forth in the Second Restatement of Torts, and that although the plaintiff was seventeen years old, he falls within the contemplated protected class under the attractive nuisance theory and is considered to be an infant in legal contemplation under General Statutes 1-1d.
As discussed above with respect to count one, the clear and unambiguous language of General Statutes 52-557j
provides that "no landowner will be liable for any injuries to operators. . . of. . . motorcycles on the landowner's property `unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner.' (Emphasis added.)" Warner v. Leslie-Elliott Constructors, Inc., supra, 133.
General Statutes 52-557j does not shield the landowner from liability solely in cases of negligence. Section 52-557j does not specify any limitation on its application to any common law theory of recovery. General Statutes 52-557j makes no distinctions based upon the age of the motorcycle operator or passenger who is injured on the landowner's property. As in count one, the plaintiff CT Page 6393 has not alleged any facts which would support his conclusory allegation that Green Valley's omissions or inaction "constituted wilful misconduct." The plaintiff has not alleged sufficient facts to show that he falls within either exception to the shield from liability in General Statutes 52-557j. Accordingly, Green Valley's motion to strike count three is granted on this ground.
Mary R. Hennessey, Judge