[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on a motion to strike counts five and six of the plaintiff's complaint alleging wanton and reckless misconduct and negligent supervision by a lounge and its employees in the service of alcohol to an intoxicated patron who left the facility driving a truck and was subsequently involved in a car accident that injured the plaintiff.
In a six count complaint, the plaintiff Royce DeFosses alleges the following facts. On March 7, 1999, codefendant Guy S. Blauvelt left defendant Sabino's Restaurant Lounge (Sabino's Restaurant) located at 240 Park Street, Bristol, Connecticut, in an intoxicated condition and drove a truck owned by codefendant Brian Mullins, doing business as JB Construction. Thereafter, codefendant Blauvelt collided with a vehicle operated by the plaintiff, causing him injuries. Count one alleges negligence against codefendant Blauvelt. Count two alleges vicarious liability against the codefendant JB Construction under the principles of agency. Count three alleges statutory negligence against codefendant Blauvelt, and count four alleges violation of the dram shop act against the three defendants making the current motion. Counts five and six are the counts pertinent to this motion. In count five, the plaintiff alleges that the defendants, Sabino's Restaurant, Joseph Sabino, the restaurant's liquor permittee, and Caroll Paparallo, the restaurant's bartender, engaged in wanton and reckless misconduct in serving alcohol to codefendant Blauvelt when they knew or should have known that he was intoxicated and would be driving. In count six, the plaintiff alleges that the defendants Sabino and Sabino's Restaurant negligently supervised defendant Paparallo in her conduct as a bartender.
On March 13, 2000, the defendants filed a motion to strike (#103) CT Page 10759 counts five and six of the plaintiff's complaint together with a memorandum of law. On June 26, 2000, the plaintiff filed a memorandum in objection to the motion. The court heard oral argument on July 17, 2000, and now issues this memorandum of decision.
 DISCUSSION
A motion to strike challenges "the legal sufficiency of the allegations of any [complaint] to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[T]he court is limited to the facts alleged in the complaint." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The court "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). The court, however, "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Co., 246 Conn. 223, 226,717 A.2d 202 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 215.
 A. Count 5 — Wanton and Reckless Misconduct
The defendants move to strike count five on the ground that the mere use of the words "reckless" and "wanton" is insufficient to raise an actionable claim of reckless and wanton misconduct in the sale of alcohol. The defendants also argue that the allegations of this count are conclusions of law and therefore the count should be stricken.
In opposition, the plaintiff argues that his complaint sufficiently states a claim for wanton and reckless misconduct by alleging the defendants continued to serve alcoholic beverages to an "obviously intoxicated" person.
"`[W]anton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . [S]uch aggravated negligence must be more than any mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal CT Page 10760 quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). "The mere use of the word `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheimanv. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58 (1958); see also Drisdelle v. Hartford, 3 Conn. App. 343,346, 488 A.2d 465, cert. denied, 196 Conn. 801, 491 A.2d 1104 (1985).
Superior Court decisions have held "the plaintiff must allege facts which would indicate that the defendants, or their agents, continued to serve a . . . [person] despite `observable manifestations of intoxication.'" Marinaccio v. Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565991 (May 14, 1998, Hennessey, J.); see also Stewart v. Caisse, Superior Court, judicial district of New London at New London, Docket No. 544856 (July 2, 1999, Martin, J.) (25 Conn.L.Rptr. 15) (same); Carbone v. Wanda'sSpirit Shop, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061548 (July 1, 1998, Flynn, J.) (providing a list of cases requiring allegations to include "observable manifestations or specific characteristics of intoxication"). The "mere use of the words `obviously intoxicated' [in a complaint alleging wanton or reckless conduct in the sale of alcohol] is enough." Gumkowski v. U.S.S. ChowderPot, III, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere, J.); see also Leev. The Splash Pacific Rim Grille, Superior Court, judicial district of New Haven at New Haven, Docket No. 399683 (March 3, 1999, Moran, J.) (24 Conn.L.Rptr. 233); Marinaccio v. Zaczynski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565991 (May 14, 1998, Hennessey, J.) (22 Conn.L.Rptr. 159); Valle v. Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552111 (March 9, 1996, Hennessey, J.).
Here, the plaintiff alleges that the defendants continuously servedalcoholic beverages to an obviously intoxicated individual knowing he haddriven to the facility and had reason to know he intended to drive awayfrom the facility even after having consumed a large quantity of alcoholin a short period of time. The plaintiff also alleges that he was injured based on the defendants' conduct. While the plaintiff states in a conclusory fashion that the defendants' conduct was wanton and reckless, the use of the phrase "obviously intoxicated" meets the minimum pleading requirement as established by Superior Court case law. Therefore, the court finds the plaintiff has alleged sufficient facts, which if proven, would sustain an action for wanton and reckless misconduct. Accordingly, the defendants' motion to strike count five is denied. CT Page 10761
 B. Count 6 — Negligent Supervision
The defendants move to strike count six on the ground that it fails to plead sufficient facts to state a claim for negligent supervision of defendant Paparallo by defendants Sabino and Sabino's Restaurant in her continued service of alcohol to an allegedly intoxicated patron.
The plaintiff in opposition argues that his complaint sufficiently alleges a claim of negligent supervision.
"Connecticut has recognized a cause of action for the negligent supervision of tavern patrons and employees." Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessey, J.) (6 C.S.C.R. 1099); see alsoNolan v. Morelli, 154 Conn. 432, 440, 226 A.2d 383 (1967). "The cause of action for negligent supervision, however, is based on conduct amounting to the defendant proprietor's failure `to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment,' rather than the proprietor's negligence in furnishing alcohol." Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995, Flynn, J.) (14 Conn.L.Rptr. 346); see also Nolan v. Morelli, supra, 440-41. "In cases that have recognized such a cause of action, the plaintiffs were injured by other patrons on the premises of the defendant, and the injuries were allegedly caused by the defendants' failure to supervise the other patrons and provide a safe business environment."Bioski v. Castelano, supra, 14 Conn.L.Rptr. 346 (court granted motion to strike the plaintiff's negligent supervision claims after concluding that the gravamen of these counts is that the defendants failed to take reasonable measures to avoid likely injuries caused by its patron's intoxication, failed to enact sufficient procedures to monitor the amount of alcohol served to her and failed to prevent her from driving after serving her excessive quantities of alcohol). The claim is legally insufficient where the plaintiff's allegations are grounded in negligent service, not negligent supervision. See Herbert v. Kildub, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170158 (July 27, 1999, Mintz, J.); Valle v. Andrews, supra, Superior Court, Docket No. 552111.
In the present case, the plaintiff's allegations of negligent supervision relate directly to the service of alcohol. In paragraph eleven of count six, the plaintiff alleges that the defendants "knew [the defendant bartender] continuously served intoxicated people, yet failed to take any action to prevent [her] wanton and reckless service of alcohol or even at the very least to advise her not to continue her CT Page 10762 misconduct as their employee . . ." Thus the plaintiffs resulting injuries are alleged to have been caused by the defendants' conduct in furnishing intoxicating beverages rather than by the failure to control an unruly patron who happened to be intoxicated.
Also, said injuries did not occur on the premises of defendant Sabino's Restaurant, but approximately two miles away. Accordingly, the sixth count of the plaintiff's complaint is legally insufficient and the defendants' motion to strike this count is hereby granted.
 CONCLUSION
Based on the foregoing, the defendants' motion to strike is denied as to count five and granted as to count six of the plaintiff's complaint.
BY THE COURT
Hon. Andre M. Kocay, J.