[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A defendant, Robert E. Hyde, III, moves to strike the fifth and sixth counts of the complaint of the plaintiffs, Shawn and Lisa Smith, and the intervenor's complaint lodged by intervening plaintiff, Think Snowmobile, Inc., on the basis that General Statutes § 52-557j cloaks CT Page 15941-gs this defendant with immunity from liability.
The fifth count of the complaint alleges that this defendant owned premises known as 380 and 382 Somers Road, Ellington, which property includes a parking lot; that on June 18, 1999, Shawn Smith operated a motorcycle in that parking lot; that he was struck by a dirt bike which was negligently operated by a trespasser, Jeremy Grundin; that the defendant failed to engage in reasonable traffic management practices to prevent such trespassers from using the property or to warn others of such use; and that Shawn Smith sustained serious injuries as a result. The sixth count reiterates these allegations and is a claim for loss of consortium by Lisa Smith. The intervening complaint seeks reimbursement for worker's compensation payments by Shawn Smith's employer. Because the loss of consortium and intervenor claims are derivative of Shawn Smith's cause against the defendant, those counts need no separate discussion regarding this motion to strike.
Section 52-557j states, in pertinent part, "[n]o landowner may be held liable for any injury sustained by any person operating a . . . motorcycle . . . upon the landowner's propety . . . whether or not the landowner had given permission, written or oral, for the operation upon his land unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner." The fifth count of the complaint is devoid of any contention that the defendant charged a fee for the operation of Smith's motorcycle on the property or that the defendant engaged in wilful or malicious conduct in relation thereto. Instead, the plaintiffs' argue that the immunity conferred by § 52-557j ought to be construed as inapplicable to parking areas open to the public for the business benefit of the landowner.
Our Supreme Court has held that the language of § 52-557j is plain, clear, and unambiguous and needs no interpretation, Warner v.Leslie-Elliot Constructors, Inc., 194 Conn. 129, 133 (1984). In that case, the Supreme Court rejected the argument that this statute affords immunity only for operation of a motorcycle on unimproved portions of land, Id., 134 and 135. The Court further held that use of the term "property" in § 52-557j is "all encompassing" and includes improved areas such as private roads Id., 135.
This ruling applies with equal vigor to parking lots. Courts cannot create exceptions to statutes which the legislature had overlooked in writing the statute, State v. Bunkley, 202 Conn. 629, 640 (1987). CT Page 15941-gt
As noted above, the complaint affirmatively avers that the defendant owns the subject property. For purposes of § 52-557j a landowner means one who holds title and not merely a possessory interest, Warnerv. Leslie-Elliot Constructors, Inc., supra, 136; Drisdelle v. Hartford,3 Conn. App. 343, 345 (1985).
The court rules that § 52-557j confers immunity to landowners against claims of injury arising from the operation of a motorcycle in a parking area, in the absence of any allegation that a fee is charged for such use and that wilful or malicious conduct on the part of the landowner occurred.
The motion to strike the fifth and sixth counts of the complaint and intervenor's complaint as it applies to Robert E. Hyde, III, is granted.
Sferrazza, J.