KEITH T. MANNING ET AL. *v.* HAROLD J. BARENZ ET AL.
(9156)

SPALLONE, O'CONNELL and LANDAU, Js.

Argued December 11, 1990—decision released May 14, 1991

*David W. Cooney,* with whom were *Kathryn Calibey* and, on the brief, *Brigid Donohue,* law student intern, for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom, on the brief, was *Maureen Sullivan Dinnan,* for the appellees (defendants).

SPALLONE, J. The plaintiffs appeal from the trial court's order granting summary judgment for the

defendants. The trial court concluded that the defendant municipal employees and the defendant municipality are immune from liability pursuant to Connecticut's "recreational use statute," General Statutes § 52-557g. On appeal, the plaintiffs claim (1) that the trial court improperly ruled that General Statutes § 52-557g barred the plaintiffs' claims raised in negligence and nuisance, and (2) that the defendants are not entitled to summary judgment on the basis of governmental immunity. We affirm the judgment of the trial court.

The following facts were alleged in the pleadings and other documents presented to the trial court. On August 8, 1986, Keith T. Manning, who was two years old, was playing in Pershing Park in Bloomfield. Pershing Park is owned by the town of Bloomfield and open to the general public for recreational purposes without charge, rent, or fee. The town of Bloomfield conducts a summer recreation program at Pershing Park for its residents who are between the ages of six and thirteen. Manning was not, however, enrolled in this program. While reaching into a large metal box where toys and other recreational items were stored, he was seriously injured when the lid of the box fell on his hand. Despite undergoing several surgical procedures, Manning ultimately lost the thumb of his right hand. On December 30, 1986, the plaintiffs[1] served a notice of intention to commence an action on the clerk of the town of Bloomfield as required by General Statutes § 7-465. A civil action was thereafter commenced in Hartford Superior Court.

In addition to the town, the complaint named Harold J. Barenz, Herbert Neuhauser, Connie Curran and Kevin Joiner as defendants in their capacities as

---

[1] Manning's claim to recover for personal injuries was brought through his mother, Michelle Cooper, who also brought an independent claim to recover for medical expenses she had incurred as a result of her son's injuries.

town employees. The complaint alleged three counts of negligence against the employees. The fourth count, pursuant to General Statutes § 7-465, sought indemnification by the town for the negligence of its employees. The fifth and sixth counts set forth claims of negligence and nuisance, respectively, against the town. The seventh count was against all five defendants for medical expenses incurred by Manning's mother, Michelle Cooper. The plaintiffs made no allegations of a wilful or malicious failure on the part of any defendant.

The defendants moved for summary judgment claiming that the action against the municipality and its employees or agents is barred by the Connecticut recreational use statute, General Statutes § 52-557g. The trial court granted the motion, declaring that there was no genuine issue as to the liability of the town or its agents under the protection of § 52-557g. Noting that General Statutes § 52-557f et seq. granted an "owner of land" immunity for liability for injuries, the court ruled that the town, as a landowner, was within the protection of the statute. The plaintiffs appeal from the judgment rendered for the defendants.

This appeal presents the question of whether Connecticut's recreational use statute, General Statutes § 52-557g, applies to property owned by a municipal entity. That statute provides in relevant part: "(a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a danger-

ous condition, use, structure or activity on the land to persons entering for recreational purposes."[2]

The plaintiffs argue that the legislative history indicates that this statute was intended to apply to private land only. They assert that the statute should be interpreted to exclude a governmental entity from the definition of owner of land. The defendants contend that General Statutes § 52-557g operates to immunize them from liability under circumstances such as are present in this case unless there is a finding that they are guilty of wilful or malicious conduct. They urge this court to find that they have the status of an owner for the purposes of exemption under this statute.

As defined in General Statutes § 52-557f, " 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises . . . ." By its terms, § 52-557g refers to any "owner of land" without limiting the scope of that clause to private landowners. The grant of immunity is made to any landowner who has made land available for recreational purposes without charge. Nothing on the face of the statute indicates an intention to limit its applicability as suggested by the plaintiff. "Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." *Muha* v. *United Oil Co.*, 180 Conn. 720, 730, 433 A.2d 1009 (1980). The language of General Statutes § 52-557g is clear and

---

[2] General Statutes § 52-557h provides: "Nothing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that, in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this section."

unambiguous. We therefore hold that General Statutes § 52-557f et seq. apply to all landowners, including governmental entities.[3]

Our conclusion here is in accord with our earlier decision in *Drisdelle* v. *Hartford,* 3 Conn. App. 343, 488 A.2d 465, cert. denied, 196 Conn. 801, 491 A.2d 1104 (1985). In *Drisdelle,* we held that General Statutes § 52-557j, which provides that no landowner will be liable for injuries sustained by a person operating snowmobiles, all-terrain vehicles, minibikes or minicycles on his land unless the owner charged a fee, applied to the city of Hartford as an owner of a park. Like § 52-557j, the purpose of § 52-557g is to make land available to the public and to limit the liability of the landowner. We find no compelling reason to treat § 52-557g and § 52-557j differently.[4]

---

[3] This conclusion is in accordance with a variety of jurisdictions that have held, in actions to recover for the injury or death of an entrant on property owned, operated, or occupied by a governmental entity or governmental employees, that the entity or employees were an "owner" within the meaning of a state recreational use statute applying to an "owner" of land. See, e.g., *Ostergren* v. *Forest Preserve District,* 104 Ill. 2d 128, 471 N.E.2d 191 (1984); *Page* v. *Louisville,* 722 S.W.2d 60 (Ky. App. 1986); *Rodrigue* v. *Firemen's Fund Ins. Co.,* 449 So. 2d 1042 (La. App. 1984); *McNeal* v. *Department of Natural Resources,* 140 Mich. App. 625, 364 N.W.2d 768 (1985); *Watson* v. *Omaha,* 209 Neb. 835, 312 N.W.2d 256 (1981); *Sega* v. *State,* 60 N.Y.2d 183, 456 N.E.2d 1174, 469 N.Y.S.2d 51 (1983); *McCord* v. *Ohio Division of Parks & Recreation,* 54 Ohio St. 2d 72, 375 N.E.2d 50 (1978); *Hogg* v. *Clatsop County,* 46 Or. App. 129, 610 P.2d 1248 (1980); *McCarver* v. *Manson Park & Recreation District,* 92 Wash. 2d 370, 597 P.2d 1362 (1979).

[4] The plaintiffs cite our earlier decision in *Genco* v. *Connecticut Light & Power Co.,* 7 Conn. App. 164, 508 A.2d 58 (1986), as indicating that this statute applies only to private landowners. In *Genco,* we applied the statute to the owners of private property who had opened Candlewood Lake to the public for recreational purposes without a fee. In discussing the legislative history and the purpose of the statute, we stated that "the clear purpose of § 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private landowners, through limiting their liability, to open their land to public use." Id., 168–69. That the statute

As the municipality is a landowner for the purposes of General Statutes § 52-557g, we must now decide whether this statute applies to municipal employees. This court was confronted with the application of a recreational use statute to a municipal employee in *Drisdelle,* where we applied the statute to the defendant director of recreation and parks as well as to the defendant city of Hartford. Our decision in *Drisdelle* was reported in 1985. Since then, neither our Supreme Court nor the General Assembly has acted to transform the substance of that opinion. Accordingly, we conclude that the municipality's immunity under § 52-557g extends to its employees. As there are no allegations of any wilful or malicious conduct on the part of the defendants, the trial court properly ruled that § 52-557g barred the plaintiffs' claims.

The judgment is affirmed.

In this opinion the other judges concurred.

---

was intended to encourage private landowners to open their property for the use and enjoyment of their fellow citizens is not disputed. The issue presented in this case is, however, whether the statute is *limited* to private property owners. The purpose of making available recreational and open space is not thwarted by the application of the clear and unambiguous language of the statute to governmental property owners as well as private property owners. We, therefore, do not interpret the *Genco* case as limiting the application of the statute, but, rather, as applying the statute appropriately to the facts of that case, i.e., applying the statute to a private property owner.