[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs allege the following facts in their complaint filed March 19, 1991. Kathleen Garcia, one of the plaintiffs, was flying a kite at Tyrell School, owned by the defendant Town of Wolcott, when she caught her foot in a hole and fell, thereby suffering injuries. Ms. Garcia's husband also brings suit for loss of consortium, as does Ms. Garcia's two minor children. All three plaintiffs sue the town and, pursuant to General Statutes Section 7-465, two municipal employees.
On July 16, 1991, the defendants filed a motion to strike the entire complaint. The grounds for the motion were specified in the motion itself. The plaintiffs object to the motion and all the parties have filed supporting memoranda of law. CT Page 1608
The motion to strike Ms. Garcia's claims is based on the ground that her claims are precluded by General Statutes Section52-557g, the recreational use statute. The motion to strike Mr. Garcia's claims is based on the ground that, because his loss of consortium claim is derivation of his wife's claim, which is barred by Section 52-557g, then his claim is barred as well. The motion to strike the minor children's claim is based on the grounds that: (1) their claim is derivative of the mother's claim which is barred, (2) there is no cause of action in Connecticut for loss of consortium of a parent; and (3) notice of the children's claims was not provided in accordance with General Statutes Section 7-465.
The plaintiffs argue that a motion to strike based on the applicability of the recreational use statute fails because there are issues of fact to be decided. They also argue that "[f]lying a kite on a schoolyard" is not a recreational use under the statute. The plaintiffs also argue that Connecticut should recognize a cause of action for loss of parental consortium, and further that the defendants do not have standing to attack the sufficiency of the notice required under General Statutes Section 7-465. In any event, the plaintiffs argue that the notice provided was sufficient to include the minor children's claims.
The first issue to be decided is whether the recreational use statute bars Ms. Garcia's claim, for if it does then the other plaintiffs' claims are barred as well as they are derivation of her claim. The statute provides that
 an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes, owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
General Statutes Section 52-557g(a). General Statutes Section52-557f(4) states that
 "Recreational purpose" includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, CT Page 1609 water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
And General Statutes Section 52-557f(3) states that an owner is "the possessor of a fee interest, a tenant, lessee, or occupant or person in control of the premises."
The court in Manning v. Barenz, 24 Conn. App. 592 (1991) held that the recreational use statute applies to municipalities. Id., 595. There the plaintiff was injured while playing in a public park. Id., 593. When the plaintiff sued, the Town of Bloomfeld claimed that the action was barred by the recreational use statute, while the plaintiff argued that the statute applied only to private landowners and did not protect municipalities. Id., 594-595. The court held that the statute "refers to any `owner of land' without limiting the scope of that clause to private landowners. The grant of immunity is made to any landowner who had made land available for recreational purposes without charge." Id., 595.
This is the same conclusion reached by the court in Gauthier v. Town of Fairfield, 1 Conn. L. Rptr. 615 (May 10, 1990, Thompson, J.). In that case the plaintiff was injured while using a public park. Id. The court noted that the definition of recreational purpose states "but is not limited to" the described activities. Id., 616. The court therefore stated that "the utilization of a swing set set in a playground area of a public park does come within the definition of `recreational purpose'". Id. Thus the court held that the recreational use statute barred the plaintiff's claim. Id.
It should be noted that in Gauthier, the issue was raised via Fairfield's motion to strike. Not only was Fairfield's motion to strike granted on the basis of the applicability of the recreational use statute, but the court's decision was affirmed by the Appellate Court in Gauthier v. Town of Fairfield, 24 Conn. App. 831
(1991). Therefore, the plaintiffs' argument that this issue cannot be decided on a motion to strike is without merit. If, from the complaint alone, it can be determined that the recreational use statute applies, then deciding the issue on a motion to strike is proper.
Flying a kite, which the plaintiffs allege they were doing, comes within the definition of "recreational purpose." The plaintiffs do not allege that a fee was charged to them, so the land was made available without charge. Lastly, unless the plaintiffs were in some manner trespassing on the grounds of the CT Page 1610 school, the Town of Wolcott made that land available to them for their recreational purpose. Therefore, the recreational use statute bars the plaintiffs' claims and the motion to strike the entire complaint is granted. Because the other plaintiffs' consortium claims are derivative of Ms. Garcia's claims; Hopson v. St. Mary's Hospital, 176 Conn. 485, 494 (1979); their claims are barred as well.
So ordered.
LANGENBACH, J.