[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diana Voight, sued three employees of the defendant Town of Fairfield for negligence, and the Town itself both for indemnification under General Statutes 7-465, as well as for nuisance, because of injuries she allegedly sustained while playing softball at a municipal park.
The accident allegedly occurred on the softball field at Sturges Park in Fairfield, when the plaintiff's left ankle caught in a hole near home plate. The plaintiff was a member of a softball team that played in a league organized and administered by the defendant Town' Recreation Department.
The Town, in one of its special defenses, claimed immunity under General Statutes 52-557g, which immunizes a landowner from liability if his premises are being used for recreational purposes, provided a fee is not charged.[1] General Statutes 52-557h states that a landowner is liable for a willful or malicious failure to warn or guard against a dangerous condition, or "for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof. . ."
It was determined in Manning v. Barenz, 24 Conn. App. 592, 596, 590 A.2d 980 (1991), that these recreational use statutes apply to municipalities as well as private land owners. ("We therefore hold that General Statutes 52-557f et seq. apply to all landowners, including governmental entities.") This case also held that these immunity statutes apply to municipal employees as well. ("we conclude that the municipality's immunity under General Statutes 52-557g extends to its employees.")
The defendants have now moved for summary judgment; Practice Book 378; on the basis that the Town does not charge any fees to individuals, such as the plaintiff, who participate in the Co-Rec softball league, nor to the various teams, for the use of the municipal park.
In support of their motion for summary judgment, the defendants submitted an affidavit by Susan Kiraly, the Town of Fairfield's program coordinator for the various softball leagues, concerning the entry fee charged teams CT Page 1682 playing in this league. The affidavit indicates that the Town maintains a revolving bank account in which entry fees paid by various teams are deposited. The checks from the teams are paid to the Fairfield Recreation Department. In 1986, the year in which the plaintiff was injured, the funds were disbursed to pay several umpires, to pay for the purchase of trophies, and to pay for the purchase of a copy machine used to copy rosters and schedules for the softball league. The affidavit also states explicitly that: "The Town of Fairfield does not receive any amount from the entry fees collected by the Department of Recreation for the Co-Rec Softball League."
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-297, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
In opposition to the defendants' motion for summary judgment, the plaintiff submitted her affidavit in which she stated that her softball team, Frick Frack Construction, paid a fee of $250 to the Town. I do not believe that this affidavit demonstrates the existence of a genuine issue of material fact regarding the payment of fees to the landowner, in this case the defendant Town of Fairfield. The plaintiff did not submit, for example, any form of documentation indicating that the fee paid by the team to the league was received and kept by the defendant Town as a charge for the use of this particular recreational facility. To the contrary, it appears from all the documentation that there is no question that the money paid to the Recreation Department by the various teams was used for umpires, trophies and related expenses, and did not go to the Town.
In Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 170-71,508 A.2d 58 (1986), it was determined that a "charge" under General Statutes52-557f involved an actual admission price, as contrasted with "merely an operational or maintenance charge." In this case, the fee was used to defray costs for umpires, trophies and copying.
In Twohig v. United States, 711 F. Sup. 560 (D.Mont. 1989), Connecticut, because of the Genco case, was listed as among those states where the recreational use statute in question contains "quid pro quo" language defining charge as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." Id., 562.
This type of statute, where one must actually pay a specific admission CT Page 1683 fee, was contrasted with, for example, the Montana recreational use statute where the term "consideration" is used, which applies to the situation "where a landowner derives an economic benefit from allowing others to use his land for recreational purposes. . ." Id., 563. This benefit could come from either "direct entrance fees or in the form of revenues from a connected economic enterprise." In the Montana type of statute, it was also held "that the consideration need not come from the ultimate user but it must be paid by someone so as to create access to the premises." Id., 654.
Connecticut's recreational use statute is not as broadly drawn as, for example, Montana's, but, instead, grants the landowner immunity unless the fee paid was in effect an admission charge. The Town of Fairfield did not charge an admission price for the use of its park, either to the plaintiff, to her softball team, or to the league itself. Hence I believe that the Town and its employees are entitled to immunity because of General Statutes 52-557g, and therefore summary judgment may enter in favor of the defendants.
So Ordered.
Dated at Bridgeport, Connecticut this 13th day of February, 1992.
WILLIAM B. LEWIS, JUDGE