[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael Scrapchansky (hereinafter "plaintiff") filed a four count amended complaint on April 4, 1990 against the defendants Town of Plainfield (hereinafter "Town") and the Board of Education for the Town of Plainfield (hereinafter "Board"). In his amended complaint the plaintiff, a member of the American Legion Summer Baseball League, alleges that he was injured on June 22, 1986 while playing baseball on a recreation field which was under the care and supervision of the Board. Count one of the plaintiff's complaint is against the Board and sounds in negligence. Count two is against the Town and seeks indemnification for the acts of the Board. Counts three and four sound in nuisance and are directed to the Board and the Town respectively.
The defendants filed an answer and four special defenses on May 29, 1990. In their first special defense the defendants allege that they are immune from liability under General Statutes 52-557g. The defendants assert in their second and third special defenses that the Board and the Town CT Page 8974 are immune under the the doctrines of governmental immunity and sovereign immunity respectively. Lastly, in their fourth special defense, the defendants allege that the plaintiff caused his own damages.
The plaintiff filed a reply to the defendants' special defenses on June 4, 1990.
The defendants filed this motion for summary judgment on April 23, 1992 with an accompanying memorandum of law based upon their recreational land use immunity special defense. The defendant attached to its memorandum an affidavit sworn to by Albert A. DePetrillo, the Superintendent of the Plainfield Board of Education, and excerpt from the transcript of the depositions of Michael Scrapchansky and Albert A. DePetrillo.
The plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment on May 26, 1992. In his memorandum, the plaintiff argues that the defendants are not immune under the statute because the field was not open to the public, softball is not within the purview of the statute, and the defendants' charged a fee for the use of its field. The plaintiff attached to his memorandum excerpts from the transcript of the deposition of Albert A. DePetrillo and notes from minutes of several of the Board's meetings.
As required by practice book 379, the pleadings are closed between the parties.
Summary judgment may be granted after the pleadings are closed between the parties if the moving party proves that there exists no material issue of fact and that he is entitled to judgment as a matter of law. Practice Book 384. Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). The motion "shall be supported by such documentation as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. After the moving party has filed its supporting documents, the party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspaper Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). "To oppose a motion CT Page 8975 for summary judgment successfully, the nonmovant must recite specific facts. . . which contradict those stated in the movant's affidavits." State v. Goggin, 208 Conn. 606,616-17, 546 A.2d 250 (1988). Mere conclusions and bald assertions that a genuine issue of material facts exists, or evidence which would be inadmissible at trial are insufficient to resist a sufficiently supported motion for summary judgment. Farrell v. Farrell, 182 Conn. 34, 38,438 A.2d 415 (1980).
The recreational land use statute, General Statutes52-557g provides:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition use, structure or activity on the land to persons entering for recreational, purposes.
In order to come within the purview of the statute, the defendants must prove that they are "owners of the land, available to the public without charge for recreational purposes." Genco v. Connecticut Light Power Co., 7 Conn. App. 164,168, 508 A.2d 58 (1986).
The immunity provided owners under General Statutes52-557g extends to municipalities and to municipal employees. Manning v. Barnes, 221 Conn. 256, 603 A.2d 399
(1992). Furthermore, General Statutes 52-557-f(3) defines owner as both the possessor of a fee interest and an occupant or person in control of the premises.
It is undisputed that the Town owns the land in question and that the Board controls it.
The plaintiff asserts that the defendant is not entitled to summary judgment because the land was not made CT Page 8976 available to the public as contemplated by the statute, the defendant charged the plaintiff a fee to use the land, and softball is not a recreational use within the purview of the statutes.
Superintendent DePetrillo attests that the field was made available to the public, and to the American Legion Summer Baseball League on June 22, 1986, free of charge. (Affidavit of Albert A. DePetrillo, p. 2, attached to the defendants' memorandum.)
The plaintiff attached to his memorandum excerpts from the deposition testimony of Superintendent Depetrillo and copies of minutes from meetings of the Board, but since the deposition testimony is not certified, it is not sufficient to support the plaintiff's motion in opposition. Practice Book 380. Furthermore, the copies of the minutes of the Board's meetings, which are not certified, are likewise insufficient to support the plaintiff's motion in opposition.
Since the defendant provided testimony that the defendants made the field available "free of charge", and the plaintiff has failed to substantiate his assertion that the plaintiff was charged a fee, then there exists no genuine issue of material fact that the field was made available "free of charge."
The plaintiff argues next, in his memorandum, that the land was not "open to the public" because at the time of his injury he was "using a field for which permission to use had been sought." In other words, the plaintiff argues that since the American Legion had reserved the field, then it was not open to the public'.
The "clear purpose of 52-557g is an attempt to satisfy the public's need for recreational and open space by, encouraging landowners, through limiting their liability, to open their land to public use." Genco, supra, 168-69.
The Superintendent of the Board stated that the land in question is made available to the public during the period when school is not in session. (Affidavit of Albert A. DePetrillo, p. 2 attached to defendants' memorandum).
CT Page 8977 The defendant made the field "available to the public" as contemplated by General Statutes 52-557g. This court finds that requiring a group to seek, permission to use, the field, perhaps in order to avoid scheduling conflicts or for another reason, does not mean that the land is not "available to the public." Furthermore, it is found that the mere fact that only one group may occupy the field at one time does not remove the field from being "available to the public." Such an interpretation would require a landowner to allow a "Free for all" in order to have immunity under the statute. This would defeat the statute's express purpose of promoting recreational use and enjoyment of land.
The plaintiff's final contention is that softball is not a "recreational use" under the statutes.
The plaintiff argues, in his memorandum, that organized athletic events are not events enumerated in the statute and "one can readily see that a team sport is not included in the list of examples of recreational activities."
 "Recreational purpose" includes but is not limited to any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping picknicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, I sport parachuting, hot air ballooning, and viewing or enjoying historical, archaeological, scenic or scientific sites.
The statute clearly states that recreational purposes are not limited to the enumerated list, and therefore "the enumerated activities set forth in the statute are not exclusive." Manning v. Barenz, supra, 264.
Softball is found to be a recreational use under the statute. See Voight v. Gazdik, 7 CSCR 308 (March 9, 1992, Lewis, J.).
Based upon this analysis it is found that the defendants have established that they are immune from suit under General Statutes 52-557f because the plaintiff alleged CT Page 8978 injury occurred on land which they made available to the public free of charge. As the plaintiff has not presented sufficient supporting documents to raise a genuine issue of material fact, the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is granted.
LEUBA, J.