[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Matthew Luce (hereinafter "plaintiff") has filed a three count complaint against the City of West Haven and its Director of Parks and Recreation, Barbara Berry. Plaintiff alleges that on May 29, 1991, while playing in a softball league, he was caused to fall as a result of a depression in the base path thereby sustaining serious injury. In count one, plaintiff alleges that his injuries were caused by the negligence of defendant Barbara Berry, in that she failed to properly inspect the field thereby failing to discover the unsafe and dangerous condition of the field. Count two alleges that defendant City of West Haven is liable pursuant to section 7-465 of the Connecticut General Statutes for the negligent act of its employee. Count three claims that the unsafe and dangerous condition of the field created a public nuisance.
Defendant's motion for summary judgment is predicated on claimed immunity pursuant to the Connecticut Recreational Land Use Act, General Statutes sections 52-557f through 52-557i, and the doctrine of governmental immunity.
The program in which plaintiff was participating at the time of the alleged injury was run by the West Haven Softball Association, an agency of the Department of Parks and Recreation. Plaintiff's team paid a $295.00 league entry fee to the City of West Haven which allowed each team to use the city owned ballfield, Carrigan Field, where plaintiff's alleged injury occurred.
Connecticut General Statutes section 52-557g(a) states that:
 "Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, CT Page 9095 rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes."
The Supreme Court in the case of Manning v. Barenz, 221 Conn. 256,258 (1992) held that the recreational land use act, section 52-557f
et seq. applies to municipalities and their employees as well as private land owners. The Court's reasoning was that the wording "owner of land", contained int [in] he [the] statute, was "clear and unambiguous" and that nothing in these words would indicate a legislative intent to distinguish between private and public landowners, supra at 259-60.
The issue, therefore, before the court is whether the entrance fee paid by the plaintiff's team to the defendant West Haven's Park and Recreation Department is a "charge" within the meaning of section 52-557g so as to lift the curtain of immunity conferred upon municipalities by the Recreational Land Use Act.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Pursuant to Practice Book section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."Sinto v. Stamm, 224 Conn. 524, 530 (1993) quoting D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980).
"A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Practice Book section 380, 381; Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co.v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).
The defendants argue that they are immune from liability under section 52-557f through 52-557i as no admission "charge, rent or CT Page 9096 fee" to use Carrigan Field in West Haven was required. They argue, further, that the fee paid by the plaintiff's softball team to the City was a league entry fee, the proceeds from which were used to finance "league awards and for capitol improvements to the City's playing fields". See affidavit of defendant Barbara Barry [Berry].
The plaintiff argues that the fees paid by the softball teams did not go exclusively to the maintenance and operational costs related to the softball league. Therefore, the fees constitute a "charge" and the Recreational Land Use statute does not apply.
Clearly, if the defendants were charging, renting, receiving a fee or using the field for other commercial services, the statute does not apply. In Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 170-171, 508 A.2d 58 (1986), the Appellate Court defined the word "charge" for our purposes as "an actual admission price paid for permission to enter the land at the time of its use for recreational purposes." The Genco court went on to hold that a fee charged by a marina to boat owners, for docking their boats, is not an admission price but merely an operational or maintenance charge. Section 52-557f defines "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land.
In Voight v. Gazdik, 7 CSCR 308 (February 13, 1992, Lewis, J.) the court held that entry fees paid by softball teams to the Fairfield Recreation Department did not constitute a charge within the meaning of the Recreational Land Use Act.
This court believes that fees charged teams entering a league for the right to utilize municipal playing facilities, are not a "charge" or "fee" "asked for . . . . . permission to enter or go upon the land." Individual team members may go upon the playing field at any time when a league game is not in progress and have pick up games, hit fungos and take infield and outfield practice. If, however, a player such as the plaintiff wants to be part of a team playing in a town or city sanctioned league with all the trappings, on a town or city maintained ballfield, his team must pay an entry fee to the city or town to cover expenses such as field maintenance, including fences and screens, umpires, and trophies. Such a fee does not remove the shield of municipal immunity conferred by the Recreational Land Use Statutes sections 52-557f through 52-557i.
Defendants' Motion for Summary Judgment is granted. CT Page 9097
SKOLNICK, J.